UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

FRANCISCO JIMENEZ,

               Plaintiff,        <u>ORDER</u>

        - against -          CV 2007-0935(MDG)

SYSTEM-FREIGHT, INC.,

               Defendant.

- - - - - - - - - - - - - - - - - -X

    This order elaborates on the Court's ruling made on the record at a conference held on June 4, 2010 denying the defendant's motion for summary judgment.

## **<u>DISCUSSION</u>**

    Summary judgment is appropriate pursuant to Federal Rule of Civil Procedure 56 when "the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In determining whether there is a genuine issue of material fact, the court must resolve ambiguities and draw all reasonable inferences in favor of the non-moving party. <u>Id.</u> A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the nonmoving party. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 249 (1986). If there is evidence in the record as to a material fact from which an inference could be drawn in favor

of the non-movant, summary judgment is improper.  See Rattner v. Netburn, 930 F.2d 204, 209 (2d Cir. 1991).  "Not only must there be no genuine issue as to evidentiary facts, but there must also be no controversy regarding the inferences to be drawn from them." See Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987).

The plaintiff contends that the defendant's truck hit the wall of the warehouse in which plaintiff was working thereby causing boxes that were stacked along the wall to fall on the plaintiff resulting in his injury.  The defendant argues that the plaintiff has not offered any evidence that raises a genuine issue of fact as to whether the falling boxes were caused by the defendant's truck striking the warehouse.  Although the plaintiff has not submitted any direct evidence to support his claim, I find, after drawing all inferences in favor of the plaintiff from the deposition testimony filed in support of the motion, that there is sufficient circumstantial evidence to permit a jury to find in the plaintiff's favor.

Under New York law,[1] in order "[t]o establish a prima facie case based solely on circumstantial evidence, it is enough that a plaintiff shows facts and conditions from which negligence of the defendant and causation of the accident may reasonably be inferred [from] evidence . . . viewed in the light most favorable to the plaintiff . . . ." Tenkate v. Moore, 274 A.D.2d 934, 936 (3d Dep't 2000); see Wragge v. Lizza Asphalt Const. Co., 17 N.Y.2d 313, 320 (1966); Ingersoll v. Liberty Bank of Buffalo, 278 N.Y. 1, 7 (1938). The plaintiff need not exclude all other possible causes of the accident or proffer the most reasonable explanation for the accident. See Williams v. KFC, 391 F.3d 411, 420 (2d Cir. 2004); Wragge, 17 N.Y.2d at 321; Ingersoll, 278 N.Y. at 7. "A plaintiff need only prove that it was 'more likely' or 'more reasonable' that the alleged injury was caused by the defendant's negligence than by some other agency." Williams, 391 F.3d at 422 (quoting Gayle v. City of New York, 92 N.Y.2d 936, 937 (1998)).

None of the witnesses whose deposition transcripts were submitted saw a truck hit the warehouse wall. However, three of plaintiff's co-workers testified that they heard a noise

---

[1] Although the parties do not address the question of what law to apply, they rely exclusively on New York substantive law in discussing plaintiff's negligence claim. Since the parties' tacit consent to New York law "concludes the choice of law inquiry," I apply New York law in analyzing defendants' motion for summary judgment. See 3Com Corp. v. Banco Do Brasil, S.A., 171 F.3d 739, 743 (2d Cir. 1999); American Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997); see also Krumme v. WestPoint Steven Inc., 238 F.3d 133, 138 (2d Cir. 2000).

immediately before they saw the boxes fall on the defendant.  Mr. Espinoza described the sound as a boom emanating from the wall that the boxes had been stacked against and testified that he felt an impact.  Mr. Solorzano also testified that the noise came from the wall.  Immediately after the boxes fell, all three witnesses looked out the window that was above where the boxes were stacked and saw the front of a red truck which was backing away from the building.  Mr. Solorzano testified that the name "System Freight" was written on the truck's door in white letters.  Mr. Philor testified that he went outside to the parking lot approximately 30 minutes after the accident and saw a red truck with the name "System Freight" written on the door which was parked in front of the window through which he had seen a red truck backing away immediately after the accident.  There is no dispute that all of the defendant's trucks were red and regularly parked nose first against the wall that plaintiff claims was struck by the defendant's truck.  Although the defendant's truck manifest shows that its trucks were not operating at the warehouse at the time of the accident, there is no evidence that any trucks other than the defendant's trucks were operating in the warehouse parking lot.

    The defendant's President and CEO, Michael Pagliuca, testified that there were concrete barriers and telephone poles in place to stop the trucks from hitting the warehouse wall.[2]

---

    [2] I did not consider the photographs submitted by plaintiff since they were not properly authenticated.  See Fed. R. Civ. P.
(continued...)

However, Mr. Espinoza and Mr. Solorzano testified that the defendant's trucks had struck the warehouse wall in the past. The plaintiff testified that those impacts had caused the pallets to fall many times. Evidence that trucks struck the building on prior occasions is relevant to whether the wall was properly protected. See Hayes v. Lane Const. Corp., 260 F.2d 279, 280 (2d Cir. 1958). Contrary to defendant's argument regarding the lack of duty owed by the defendant, evidence of previous collisions would also be relevant to the degree of risk associated with the trucks parking against the warehouse wall and whether the defendant had notice of that risk. See Stagl v. Delta Airlines Inc., 52 F.3d 463, 474 (2d Cir. 1995). In addition, the defendants' attempts to attack the credibility of plaintiff's witnesses are not appropriate for summary judgment. See Anderson, 477 U.S. at 255 ("[t]he evidence of the non-movant is to be believed").

The defendant offers two alternative causes of the accident: improper stacking, including excessive height of the stack of boxes or impact by a forklift inside the warehouse. The plaintiff testified that the stack of boxes that fell on him was approximately 22-25 feet high. There is no evidence that a forklift struck the boxes causing them to fall. As discussed above, the plaintiff need not disprove every possible cause of the

---

²(...continued)
56(e); Fed. R. Evid. 901.

accident.  See Ingersoll, 278 N.Y. at 8 (reversing dismissal because "the natural and reasonable inference" is that the defective stairway caused the fall rather than a heart attack or dizziness).  Based on the testimonies of the plaintiff and his co-workers, there is sufficient evidence for a jury to infer that the impact of defendant's truck striking the warehouse wall caused the boxes to collapse onto plaintiff.

The strength of the circumstantial evidence here is similar to Johnson v. New York City Transit Auth., 129 A.D.2d 424 (1st Dep't 1987).  There, as a train was pulling out of the station overhead, the plaintiff heard a clinking sound at which time he lost consciousness and slumped to the pavement.  Later that day, a piece of metal which was identified as the broken flange of a subway train brake was found near where the plaintiff's body had fallen.  The trial court dismissed the case against the transit authority reasoning that since no witnesses actually saw the brake flange strike plaintiff's head, the plaintiff did not adequately exclude the possibility that an unknown object was thrown from the platform, or a passing train caused the injury or that the plaintiff simply fainted and hit his head on the ground.  The Appellate Division relied on the plaintiff's circumstantial evidence to reverse the trial court's setting aside of a jury verdict and dismissal.  See also Brito v. Manhattan and Bronx Surface Transit Operating Auth., 188 A.D.2d 253 (1st Dep't 1992) (circumstantial evidence established prima facie case despite no

witnesses to event that caused pedestrian's injuries).

In its reply papers, the defendant submitted the report of it's engineering expert, George Pfreundschuh. See Supplemental Affirmation of Sharon Moreland dated May 3, 2010 ("Supp. Moreland Aff.") (ct. doc. 36-15), Exh. K. Counsel for the defendant represents that the expert's report was not available when it served its summary judgment motion and the defendant served plaintiff's counsel with a copy before plaintiff's opposition was due. See Supp. Moreland Aff. at ¶ 2. Nevertheless, courts generally will not consider an affidavit submitted on reply and I will not do so here. See State Farm Mut. Auto. Ins. v. Cohan, No. 09-CV-2990, 2010 WL 890975, at *4 (E.D.N.Y. March 8, 2010); Brewton v. City of New York, 550 F. Supp. 2d 355, 361 n.5 (E.D.N.Y. 2008).

In any event, the expert report suffers from several deficiencies. First, the unsworn report of defendant's expert is not admissible on summary judgment. Fed. R. Civ. P. 56(e); see Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 191 (5th Cir. 1991) (expert's unsworn letter report is insufficient under Rule 56(e)). Second, expert opinion "requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion." Riegel v. Medtronic, Inc., 451 F.3d 104, 127 (2d Cir. 2006). The defendant's expert contends that the collision between one of the defendant's trucks and the cinder block wall of the warehouse could not have caused

the boxes to fall.  Instead, he opines that a seismic event or simply the instability of the stacked boxes was the more likely cause of the accident.  The defendant's expert further states in his report that, "anything could have caused the stack of palletized and loose cardboard product/material to topple over and injure plaintiff.  These include forklift truck impact creating unstable stacks of material, inadequate clearance creating unstable stacks of material when placing or removing materials from adjacent stacks, seismic events, etc.  Unstable stacks would not necessarily fall immediately at the time of forklift maneuvers."  Supp. Moreland Aff., Exh. K at 10.  Here, Mr. Pfreundschuh failed to lay an adequate foundation to support his opinions.  Third, the defendant has not submitted any information about his education, training, skills, knowledge or practical experience.  Thus, there is no basis for this Court to determine whether he is qualified to testify concerning the cause of the accident.  See Fed. R. Evid. 702; Duplantis, 948 F.2d at 191.

Drawing all inferences in the plaintiff's favor, the plaintiff has submitted sufficient evidence to establish a prima facie case of negligence against the defendant.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion for summary judgment is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
June 25, 2010

　　　　　　　　　　　　　　　　　　/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE